IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BREITLING OIL AND GAS, CORPORATION, a Texas Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CROWN ENERGY COMPANY, an Oklahoma Corporation,<br><br>Defendant. | Case No. CIV-12-1310-D |

# PLAINTIFF'S PARTIAL MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS AND BRIEF IN SUPPORT

COMES NOW Breitling Oil and Gas Corporation, ("Breitling" and/or "Plaintiff"), and moves this Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss two of Defendant's five Counterclaims for failure to state claims upon which relief can be granted because such claims are subject to a pending state court action. In support hereof, Breitling respectfully shows as follows:

## STATEMENT OF THE CASE

Breitling's claims against Defendant Crown Energy Company ("Crown" and/or "Defendant) arise from three Joint Operating Agreements involving the following three oil and gas wells: (1) Martin well; (2) Wilson well; and (3) Crowder well. Each well at issue in this lawsuit is subject to its own and separate Joint Operating Agreement. Crown, however, has a pending lawsuit in state court against Breitling that arises out of a separate operating agreement involving an oil and gas well identified as Woodring #1

well. Breitling seeks dismissal of Crown's two counterclaims that involve and relate to the Woodring #1 well.

## STATEMENT OF THE FACTS

1. On or about October 23, 2012, Crown filed a lawsuit against Breitling styled *Crown Energy Company v. Breitling Oil and Gas Corporation*, Case No. 2012-298-03, in the District Court of Garfield County, Oklahoma ("State Court" action).

2. The subject matter of the State Court action involves an oil and gas well known as Woodring #1 well. In the State Court action, Crown alleges that as a contract operator, it entered into an operating agreement with Breitling on or about April 20, 2011, to drill and operate oil and gas wells upon the following oil and gas leasehold estate: Southeast Quarter, Section 13, Township 22 North, Range 6 West in Garfield County. The State Court action is pending and is set for a non-jury trial on March 5, 2013.

3. On or about November 12, 2013, Breitling filed this lawsuit against Crown in the District Court of Oklahoma County, styled *Breitling Oil and Gas Corporation v. Crown Energy Company,* Case No. CJ-2013-6199. (Doc. #1-2). On or about December 12, 2013, Crown removed this action to the District Court for the Western District of Oklahoma. (Doc. #1). Simultaneous with that filing, Crown filed its Answer and Counterclaims. (Doc. #1-5).

4. Crown has asserted two counterclaims against Breitling that all arise and relate to the State Court action. (Doc. #1-5). In particular, Crown's "Third-Cause of Action" seeks an offset from the amounts allegedly owed to Crown in the State Court

action.  (*See* p. 14, ¶¶ 4-5, Doc. #1-5).   Crown's "Fifth Cause of Action" seeks to foreclose on its liens rights against the funds that are subject to the State Court action. (*See* p. 15, Doc. #1-5).   Breitling moves to dismiss both of Crown's Counterclaims, or in the alternative requests this Court to abstain from exercising jurisdiction over Crown's two counterclaims that are subject of this Motion.

## STANDARD OF REVIEW

In determining the merits of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations set forth in the plaintiff's complaint as true and construe all reasonable inferences in light most favorable to the plaintiff. *Morse v. Regents of Univ. of Colo.,* 154 F.3d 1124, 1126-27 (10th Cir. 1998).  A dismissal is appropriate, if the Court determines that the plaintiff failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).   The actual facts asserted by Defendant as Counterclaimant in its Third and Fifth Causes of Action fail to establish that Defendant alleged any set of facts, which would entitle it to any relief.

## ARGUMENT & AUTHORITIES

**PROPOSITION 1: THIS COURT SHOULD DISMISS AND/OR ABSTAIN FROM HEARING CROWN'S TWO COUNTERCLAIMS THAT ARE SUBJECT TO THE STATE COURT ACTION**

A district court may abstain from exercising its authority when a state forum has concurrent jurisdiction and when wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, counsels such abstention. *Arkwright-Boston Mfrs. Mut. Ins. Co. v. New York,* 762 F.2d 205, 210

(2nd Cir. 1985)(Citing *Colorado River Water Conservation District v. United States,* 442 U.S. 800, 47 L.Ed. 2d 583, 96 S. Ct, 1236 (1976). The *Colorado River* Court discussed four factors that the district court should consider when deciding whether to abstain: (1) whether either court has assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) avoidance of piecemeal litigation, and (4) the order in which the courts obtained jurisdiction. *Colorado River*, 424 U.S. at 818. The Supreme Court in *Will v. Calvert Fire Ins. Co.,* 437 U.S. 655, 667, 57 L. Ed. 2d. 504, 98 S. t. 2552 (1978) added a fifth factor: whether federal or state law provides the substantive rule to determine the merits. *See also Arkwright-Boston*, 762 F.2d at 210. Whether to abstain is within the sound discretion of the district court. Id. (Citing *Giardina v. Fontana*, 733 F.2d 1047, 1053 (2nd Cir. 1984).

Here, two of Crown's five counterclaims solely involve the Woodring #1 well, property that the State Court has assumed jurisdiction over. Breitling has not made any claims in this lawsuit that relate or involve the property associated in the State Court action. To the extent that the parties are required to re-litigate or conduct additional discovery concerning Woodring #1 well would not only be inconvenient for all parties involved, but would also result in piecemeal litigation. Moreover, the State Court action was filed long before Breitling filed this lawsuit. If this Court refuses to abstain, it will force Breitling to defend against Crown's allegations relating to the Woodring #1 well on two fronts, and would result in piecemeal litigation as well as inconsistent disposition of the claims. As such, Breitling moves this Court to dismiss Crown's two counterclaims

that arise and relate to the State Court action, or in the alternative, abstain from exercising jurisdiction over such claims.

## PROPOSITION 2: CROWN'S COUNTERCLAIMS RELATING TO THE WOODRING #1 WELL SHOULD BE DISMISSED ON THE GROUNDS OF ISSUE PRECLUSION

Crown's two counterclaims that arise and relate to Woodring #1 well should be dismissed on the grounds that the relief sought by Defendants are so inextricably intertwined with the pending State Court proceedings that they should be dismissed based on the doctrine of issue preclusion. Although the State Court action is pending and judgment has not yet been entered, a non-jury trial is scheduled for March 5, 2013. As such, the doctrine of issue preclusion, or otherwise known as collateral estoppel, should bar Crown from re-asserting its two counterclaims against Breitling in this federal court action. *B. Willis CPA, Inc. v. BNSF Railway, Corp.,* 531 F.3d 1282 (10th Cir. 2008).

Once a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not re-litigate that issue in a suit brought up on a different claim. *Id.* To invoke issue preclusion, there need not be prior adjudication on the merits, but only a determination of a material issue common to both cases. *Id.*

Here, the entire subject matter of the State Court action involves and arises from the Woodring #1 well, all of which has been litigated since October of 2012. With the upcoming trial, all issues concerning and relating to the Woodring #1 well will be fully disposed of. As such, Crown's third and fifth causes of action set forth in its Answer and Counterclaim should be dismissed on the grounds of issue preclusion.

## RESERVATION OF RIGHTS – TOLLING OF ANSWER DATE

Breitling is of the position that the filing of this partial Motion to Dismiss tolls the time to answer the entirety of Crown's Counterclaims. See *Gortat v. Capala Bros., Inc.,* 257 F.R.D 353, 366 (E.D. N.Y. 2009); *Ideal Instruments Inc. v. Rivard Instruments, Inc.,* 434 F. Supp. 2d 598, 638-639 (N.D. Iowa 2006), on reconsideration, 434 F. Supp. 2d 640, 65 Fed. R. Serv. 3d 733 (N.D. Iowa 2006); See *Gerlach v. Michigan Bell Tel. Co.,* 448 F. Supp. 1168, 1174 (E.D. Mich. 1978). If the Court disagrees, Breitling respectfully requests that this Court render an order requesting that Breitling file its Response within a reasonable time.

## PRAYER & CONCLUSION

WHEREFORE, Plaintiff Breitling Oil and gas Corporation, prays the Court dismiss Defendant's Third-Cause of Action and its Fifth Cause of Action for the reasons described herein above; Breitling further prays that this Court enter such orders, granting Breitling such other relief which the Court deems to be just and equitable.

Respectfully Submitted

\_\_/s/_____
Stephen Jones, OBA #4805
JONES, OTJEN & DAVIS
Post Office Box 472
114 E. Broadway Tower, Suite 1100
Enid, Oklahoma 730702
Telephone: 580-242-5500
Facsimile: 580-242-4556
sjones@stephenjoneslaw.com

**-and-**

_/s/_____
Shauna A. Izadi, OBA #20507
FRIEDMAN & FEIGER, LLP
5301 Spring Valley Road, Ste. 200
Dallas, Texas 75254
Telephone: 972-788-1400
Facsimile: 972-788-2667
Email: sizadi@fflawoffice.com

**ATTORNEYS FOR BREITLING OIL AND GAS CORPORATION**

## CERTIFICATE OF SERVICE

This is to certify that on this 2nd day of January, 2014, a true and correct copy of the above and foregoing document was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure.

David Cheek
Cheek & Falcone, PLLC
6301 Waterford Blvd, Suite 320
Oklahoma City, OK 7311-1168
Telephone: 405.286.9191
Facsimile:  405.268.9670
Email:  dcheek@cheekfalcone.com

_/s/_____
Shauna A. Izadi
