# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BREITLING OIL AND GAS, CORPORATION, a Texas Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CROWN ENERGY COMPANY, an Oklahoma Corporation,<br><br>Defendant. | Case No. CIV-13-1310-D |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS

COMES NOW the Defendant, Crown Energy Company, an Oklahoma Corporation (hereinafter referred to as "Crown"), and does hereby respond to the Plaintiff's Partial Motion to Dismiss Defendant's Counterclaims. In support, Defendant states as follows:

## FACTUAL BACKGROUND

1. Crown and Plaintiff are the parties to multiple independent contractual relationships regarding discrete oil and gas wells, the rights and obligations of the parties being embodied in a series of documents (including, but not limited to Participation Agreements on prospects, operating agreements and COPAS), collectively known as a Joint Operating Agreement ("JOA"). Each discrete well has its own separate JOA.

2. Plaintiff was one of several working interest owners participating in development of oil, gas and other mineral interests. Crown was designated the operator

of these wells. The other working interest owners vary from well to well and are not necessary parties to this action.

3. There exists between the parties obligations regarding other wells including, but not limited to the: (1) Magnolia; (2) Bethel Extension; (3) Yardeka; (4) Warrior Prospect (acreage); (5) West Lucien Prospect (acreage); (6) Tanger 1-14; (7) Union 1-11; (8) Mathews 1-28; (9) Meek 76-2; (10) the Martin SWD well; and (11) the Woodring #1 well, including application of production revenues. The obligation due Crown from Plaintiff on all agreements is only ascertainable by examining the individual facts and JOA's applicable to each well.

## ARGUMENT AND AUTHORITY

Plaintiff seeks relief from this Court pursuant to Fed. R. Civ. P. 12(b)(6) in the form of dismissal of the Third and Fifth causes of action contained in Crown's Counterclaim, or that the Court abstain from hearing said causes of action. In support, Plaintiff alleges Crown's counterclaims have been within the jurisdiction of the State Court in an action commenced on October 23, 2012 and is currently set for trial March 5-7, 2014 in Garfield County (case number CJ-12-298-03). Plaintiff alleges that Crown has failed to state a claim upon which relief can be granted, and that the issues are so intertwined and should be dismissed on the doctrine of issue preclusion. Further, Plaintiff states were this Court to hear evidence on the well known as the Woodring #1 well, which is the subject of the Garfield County case, piecemeal litigation would result.

The Garfield County action is limited to a single well controlled by a discrete JOA. The Plaintiff has elected in this action to seek, in essence, an accounting as to three other discrete properties; two of which are each controlled by discrete JOA's and one that is embodied in a limited liability company.

The Defendant's Third Counterclaim in this action alleges, and by design was intended to seek an accounting of the balance of all the wells in which the parties to this action are involved, which are not included in the Garfield County action or the Plaintiff's Petition/Complaint. Those wells are listed above. In other words, it was designed to state a claim encompassing the parties' entire relationship. The claims are broader and encompass properties not included in the Garfield County action or in this action.

Inclusive of that global accounting must be any lingering issues which will arise or remain after the Garfield County action is concluded. One of three things will result from the Garfield County litigation; (1) neither party owes the other party anything, (2) Breitling owes Crown a deficiency after foreclosure of the lien, or (3) Crown holds excess funds due to Breitling. Number one is highly unlikely and would mean there is no impact on this action. Number two would create an adjudicated liability to Crown for which it could assert a set off against any Breitling claims in this action. Number three would create a fund from which Crown could collect liabilities owed by Breitling, if any are due at the conclusion of this action. The three possibilities needed to be preserved as part of the Counterclaim and therefore were specifically plead in the third cause of action as "inclusive" claims.

There never was any interest on the part of the Defendant to re-litigate the issues in the Garfield County case. That case has been pending for fourteen and one-half months. Discovery is complete. Pretrial is scheduled for February 21, 2014. Trial is scheduled to commence March 5, 2014. To dismiss that case, to be joined in this case would be a total waste of time and judicial resources. However, the net results of that case should be part of an omnibus accounting between the two parties which would be denied if the Third Cause of Action to Crown's Counterclaim were dismissed at this preliminary stage of the litigation.

There is no doubt that the issues resolved by the Garfield County case could constitute issue preclusion in this action. While that is true, that does not mean that the net results should not be considered by this Court as they might impact the overall rights and liabilities between the parties. The Garfield County action should be concluded long before this case is ready for trial, so there should be no delay attributable to this action.

To the extent this Court believes that inclusion of the Garfield County case, to any extent is currently improperly joined herein, Crown seeks leave of Court to amend its Third Cause of Action to its Counterclaim, to withdraw any reference to that action on the Woodring #1 well from this action until the respective liabilities between the parties arising from that discrete contractual relationship are finally adjudicated. However, the claim stated encompasses more wells and associated contracts than the Garfield County action and should not be dismissed, just amended.

Plaintiff's Motion to Partially Dismiss Defendant's Counterclaim must be reviewed pursuant to Fed. R. Civ. P. 12(b)(6), by determining if Crown has failed to state a claim upon which relief can be granted. Under no set of facts can it be concluded the allegations of Crown's Counterclaims fail to state a claim entitling Crown to relief. Crown specifically alleged in its Third Cause of Action that it is entitled to payment from Plaintiff on additional wells. Further, Crown's allegations are clear the Garfield County case will result in a determination of what amount Plaintiff owes Crown for the Woodring #1 well. The liability determined in the Garfield County State Court action will be necessary for this Court in determining ultimate net liability between the parties as a whole. Such a determination promotes judicial efficiency and provides an accurate resolution to all claims between the parties. Crown is clear in its request that "to the extent not addressed in the Garfield County action, Crown should be allowed to foreclose its lien rights" (*Fifth Cause of Action of Crown's Counterclaim*). Accordingly, claims to which Crown is entitled to relief have been made, and as such should not be dismissed. Allowing Crown to go forward with all Counterclaims raised does not result in re-asserting claims already litigated. Rather, inclusion of Crown's Counterclaims creates a method by which final global issue resolution is reached.

Respectfully submitted,

s/ David A. Cheek
DAVID A. CHEEK, OBA #1638
CHEEK & FALCONE, PLLC
6301 Waterford Blvd., Suite 320
Oklahoma City, OK  73118-1168
Telephone:  (405) 286-9191
Facsimile:  (405) 286-9670
dcheek@cheekfalcone.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of January, 2014, I electronically transmitted the above and foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing and to the following ECF registrants in this case:

Stephen Jones, Esq.
JONES, OTJEN & DAVIS
Post Office Box 472
114 E. Broadway Tower, Suite 1100
Enid, Oklahoma  73072
Telephone: 580-242-5500
Facsimile: 580-242-4556
Email: sjones@stephenjoneslaw.com

Shauna A Izadi, Esq.
FRIEDMAN & FEIGER, LLP
5301 Spring Valley Road, Ste. 200
Dallas, Texas  75254
Telephone: 972-788-1400
Facsimile:  972-788-2667
Email: sizadi@fflawoffice.com
*Attorneys for Plaintiff*

s/ David A. Cheek

S:\10389.011\(46359).docx