IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BREITLING OIL AND GAS, CORPORATION, a Texas corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs | ) ) | NO. CIV-13-1310-D |
| CROWN ENERGY COMPANY, an Oklahoma corporation, | ) ) ) ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is Plaintiff's Partial Motion to Dismiss Defendant's Counterclaims [Doc. No. 8]. In support of its motion, Plaintiff argues that Defendant's third and fifth counterclaims relate to the Woodring #1 well which is the subject of an action brought by Defendant against Plaintiff and currently pending in the District Court of Garfield County, State of Oklahoma. Plaintiff argues this case involves three different wells -- the Martin, Wilson and Crowder wells. Plaintiff asserts that this Court should dismiss or abstain from hearing Defendant's third and fifth counterclaims because the state court first acquired jurisdiction over the property in question and dismissal or abstention is necessary to avoid inconvenience and piecemeal litigation. Alternatively, Plaintiff asserts that Defendant's counterclaims relating to the Woodring #1 well should be dismissed on the grounds of issue preclusion.

However, as Defendant points out, Plaintiff misreads Defendant's third and fifth counterclaims. In its third counterclaim, Defendant alleges that "Plaintiff is indebted to Crown [Defendant] on wells and prospects, including acreage costs, which are not part of this action, in the total amount in excess of $395,000.00." Answer, Third Cause of Action, ¶ 4 [Doc. No. 1-5]. Defendant makes clear in its pleading that such wells are inclusive of, but not limited to, the Woodring #1 well which is the subject of the state court action. *See id*. According to Defendant's response, other wells which are the subject of both its third and fifth counterclaims include the Magnolia, Bethel Extension, Yardeka, Tanger 1-14, Union 1-11, Matthews 1-28, Meek 76-2 and the Martin SWD. *See* Defendant's Response at p. 2 [Doc. No. 9]. The Warrior and West Lucier prospects are also the subject of its counterclaim. *See id*. In its fifth counterclaim, Defendant seeks to foreclose its lien rights against funds of third parties of which Crown [Defendant] has possession "to the extent not addressed in the Garfield County action. . . ." Answer, Fifth Cause of Action [Doc. No. 1-5].

Because Defendant's third and fifth counterclaims relate to numerous wells and prospects other than the Woodring #1 well which is the subject of Defendant's Garfield County action, dismissal of or abstention from hearing those counterclaims would not be appropriate. Moreover, because the state court has not finally adjudicated the claims brought in the Garfield County action on the merits (trial of the Garfield County action is set for March 5, 2014), issue preclusion as to the parties' liabilities relating to the Woodring #1 well is inapplicable. *See generally Bushco v. Shurtleff,* 729 F.3d 1294, 1301 (10th Cir. 2013). In

accordance with the foregoing, Plaintiff's motion for partial dismissal of Defendant's counterclaims [Doc. No. 8] is DENIED.

IT IS SO ORDERED this 25th day of February, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE