# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BREITLING OIL AND GAS, CORPORATION, a Texas Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CROWN ENERGY COMPANY, an Oklahoma Corporation,<br><br>Defendant. | Case No. CIV-13-1310-D |

## PLAINTIFF'S SECOND AMENDED ANSWER TO DEFENDANT'S FIRST AMENDED COUNTERCLAIM

**COMES NOW**, Plaintiff Breitling Oil and Gas Corporation ("Plaintiff"), by and through its undersigned counsel, and files its Second Amended Answer and Affirmative Defenses to Defendant's First Amended Counterclaim ("Defendant's Amended Counterclaim"), and in support thereof would show unto the Court, as follows:

## FACTUAL BACKGROUND

1. Plaintiff hereby incorporated by reference all of its claims and allegations set forth in its Original Answer to Defendant's Counterclaim.

2. Plaintiff admits the amount of judgment in Paragraph 2 of Defendant's Amended Counterclaim ("Defendant's Counterclaim"), however objects to its inclusion in this proceeding as barred by res judicata.

3. Plaintiff is without sufficient knowledge or information to form a belief as to the truth or falsity of, and on that basis denies, the allegations in paragraphs 3(a), (b), (c), (d), (e), (f) and (g) of Defendant's Amended Counterclaim.

4. Plaintiff denies the allegations in paragraphs 3(h), (i), (j), and (k) of Defendant's Amended Counterclaim.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below under the heading "Affirmative Defenses," Plaintiff does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters. As its affirmative defenses to the claims set forth by Defendant, Plaintiff sets forth its defenses as follows:

5. Plaintiff affirmatively pleads that Defendant fails to state a clam upon which relief may be granted.

6. Plaintiff affirmatively pleads that Defendant's claims are barred, in whole or in part, due to Plaintiff's right of set off.

7. Plaintiff affirmatively pleads that Defendant's claims are barred, in whole or in part, by the failure of conditions precedent.

8. Plaintiff affirmatively pleads that Defendants claims are barred, in whole or in part, by res judicata and/or collateral estoppel and/or issue preclusion.

9. Plaintiff affirmatively pleads that Defendants claims are barred, in whole or in part, by equitable estoppel.

10. Plaintiff affirmatively pleads that Defendant's claims are barred, in whole or in part, on the grounds that Plaintiff's acts have been justified and were taken in good faith, and constitute lawful, proper and justified acts.

11. Plaintiff affirmatively pleads that Defendant's claims are barred, in whole or in part, because Defendant committed a prior material breach of the contract.

12. Plaintiff affirmatively pleads that Defendant's claims are barred, in whole or in part, by doctrines of laches and unclean hands.

13. Plaintiff affirmatively pleads that Defendant's claims are barred in whole or in party, by waiver and/or ratification.

14. Plaintiff affirmatively pleads that Defendant is precluded from asserting some or all of the claims and/or obtaining some or all of the relief requested against Plaintiff because Defendant's claims are barred by its failure to mitigate damages.

15. Plaintiff affirmatively pleads that Defendant's claims are barred, in whole or in part, because the damages sought constitute an impermissible penalty.

16. Plaintiff alleges that to the extent that Plaintiff is found liable for damages, the fact and extent of which are expressly denied by Plaintiff, those damages are the direct result of Defendant's intentional and/or negligent conduct, actions and/or omissions and the concealment thereof, and must be reduced in proportion to the degree of fault.

## **PRAYER**

WHEREFORE, Breitling prays that Crown be denied any and all relief requested. Breitling further prays that the Court enter judgment against Crown, and further prays that this

Court enter such orders, granting Breitling such other relief which the Court deems to be just and equitable, including but not limited to all costs of this action and reasonable attorneys' fees.

DATED: **May 6, 2014**

Respectfully Submitted

　/s/ Shauna A. Izadi　　　　
Shauna A. Izadi, OBA #20507
R. Brian Shields
Texas Bar No. 24056310
FRIEDMAN & FEIGER, LLP
5301 Spring Valley Road, Ste. 200
Dallas, Texas 75254
Telephone: 972-788-1400
Facsimile: 972-788-2667
Email: sizadi@fflawoffice.com

-and-
　/s/ Stephen Jones　　　　
Stephen Jones, OBA #4805
JONES, OTJEN & DAVIS
Post Office Box 472
114 E. Broadway Tower, Suite 1100
Enid, Oklahoma 730702
Telephone: 580-242-5500
Facsimile: 580-242-4556
sjones@stephenjoneslaw.com

**ATTORNEYS FOR BREITLING OIL AND GAS CORPORATION**

## CERTIFICATE OF SERVICE

This is to certify that on this 6TH day of May, 2014, a true and correct copy of the above and foregoing document was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure.

Mr. David Cheek
Mr. Jeff Love
Cheek & Falcone, PLLC
6301 Waterford Blvd, Suite 320
Oklahoma City, OK 7311-1168
Telephone: 405.286.9191
Facsimile:  405.268.9670
Email:  dcheek@cheekfalcone.com

                                                             /s/ Shauna A. Izadi
                                                           Shauna A. Izadi